LAW OFFICES

# ARENSON, DITTMAR & KARBAN

420 LEXINGTON AVENUE
SUITE 1402
NEW YORK, N.Y. 10170

FACSIMILE
(212) 682-0278

TELEPHONE
(212) 490-3600

May 2, 2024

**VIA ECF**
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007

> *The Court approves the settlement, including the provision for attorney's fees and costs, for this reasonable and adequate. The parties should provide a stipulation of discontinuance by May 13, 2024. So ordered.*
>
> /s/ JGK
> U.S.D.J.
> 5/3/24

Re: ***Mongelos, et al. v. FW Freedom Construction Corp., et al.***
    **Docket No.: 23-cv-3259**

Dear Judge Koeltl:

This office represents Plaintiffs in the above-referenced action. I write together with Defendants' counsel, Daniel Rabinowitz of Rabinowitz, Galina & Rosen, Esqs., to submit the parties' proposed settlement agreement of the FLSA and NYLL claims in the action. The proposed Settlement Agreement, attached hereto as **Exhibit A**, is the result of detailed and extensive negotiations between the parties' respective counsel.

Because the Complaint includes FLSA claims, the parties' Settlement Agreement requires the Court's approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Although Plaintiffs alleged class and collective claims in the Complaint, neither a class nor a collective has been certified; accordingly, this Settlement Agreement applies to their individual claims only. For the reasons set forth below, Plaintiffs and their counsel, as well as Defendants and their counsel, believe that the Settlement Agreement is a fair and reasonable resolution of the claims set forth in this Action, and respectfully request the Court's approval of the proposed Settlement Agreement.

## I. Background

The Complaint alleges unpaid overtime compensation under the FLSA and NYLL; failure to provide appropriate wage rate notices and statements as required by NYLL §195; and a hostile work environment under the NYCHRL. Per the parties' letter to the Court (ECF No. 50) and the Court's April 4, 2024 Order (ECF No. 51), the discrimination claims are being settled pursuant to a separate agreement.

This action commenced on April 19, 2023. Defendants answered on June 8, 2023. The Court held an initial conference June 28, 2023. The parties exchanged initial discovery requests and responses. In response to Plaintiffs' document requests, Defendants produced over 1,000 pages of pay records. Plaintiffs also deposed Freedom's corporate representative. Fact discovery was due to continue with at least four more scheduled depositions prior to the parties settling. After the mediation, two additional plaintiffs—Eduardo Saldaña and Kevin Cobb—came forward. They, too, were included in the settlement.

## II. Settlement Negotiations

The round of negotiations that resulted in the proposed Settlement Agreement followed an unsuccessful Court-ordered mediation on January 9, 2024 before SDNY panel mediator Roger H. Briton. Discovery continued and Plaintiffs filed motions for collective certification (ECF No. 37) and to compel (ECF No. 47) on March 14 and March 19, respectively. The mediation and motions helped crystallize the parties' positions and their understanding of each other's arguments.

The parties, through their undersigned counsel, held the negotiations that led to the proposed Settlement Agreement over the course of one day: March 27, 2024. The negotiations essentially began where the mediation had left off, except at the outset Plaintiffs apprised Defendants of the two new plaintiffs. After numerous rounds of offers and counteroffers, the parties reached an agreement in which Defendants agreed to pay a sum of $112,500, inclusive of attorneys' fees and costs, in full and fair settlement of the Plaintiffs' FLSA and NYLL claims in this action. Payments would be made in installments beginning July 1, 2024.

## III. The Settlement Agreement is a Fair and Reasonable Resolution of this Case

The parties respectfully represent to the Court that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute, following an exchange of documents, a corporate deposition, and two rounds of arm's length negotiation, the first through an experienced mediator, the second between the attorneys.

In determining whether a proposed FLSA settlement is fair and reasonable, a court considers "the totality of the circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### A. Plaintiffs' Possible Range of Recovery

While Defendants have not explicitly conceded liability on any issue, the deposition testimony of their corporate representative and the pay records they produced indicate that Plaintiffs typically worked 8 hours per day and Defendants paid Plaintiffs a regular daily rate for

each day worked, even when Plaintiffs worked 6 days—i.e., 48 hours—a week. As Defendants did not keep time records, the question remains how frequently Plaintiffs worked 6 days a week; incomplete pay records and Plaintiffs' accounts seem to indicate that it was every other week, while Defendants maintain it was closer to once per month. If Defendants were correct, then the six plaintiffs were owed $27,348.33 in actual wages. If Plaintiffs were correct, then they were owed $54,696.67 in actual wages and were thus entitled to $109,393.33, including liquidated damages but excluding interest and attorney's fees.[1]

### B. Avoidance of Anticipated Burdens and Expenses

The proposed settlement avoids many of the burdens and expenses of litigation. Courts weigh this factor in favor of a settlement where the parties face additional discovery and motion practice, and a trial if they proceed in litigation. *See Zavala Artiega v. Griffin Organics, Inc.*, No. 16 CIV. 6613 (AEK), 2021 WL 1997636, at *4 (S.D.N.Y. May 19, 2021) ("Given the extended efforts to attempt to resolve this case through mediation rather than through litigation, additional discovery would be necessary if this case were to proceed to trial; the history of this case also makes it likely that there would be further motion practice prior to any trial; and of course, the trial itself would present substantial additional burdens and expenses"); *Infantino v. Sealand Contractors, Corp.*, 677 F. Supp. 3d 165, 171 (W.D.N.Y. 2023) (factor met where parties would have been obligated to engage in ESI discovery, depositions, subsequent motion practice, and a trial); *Zamora v. One Fifty Fifty Seven Corp.*, No. 14 CIV. 8043 (AT), 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (factor met where "proceeding with litigation would require further discovery and motion practice").

While, as noted above, the parties exchanged discovery requests and some documents, and conducted one deposition, fact discovery was due to continue with at least four more scheduled depositions and additional paper discovery pending the results of Plaintiffs' motion to compel. In addition, the parties had not fully briefed Plaintiffs' motion to certify an FLSA collective and a motion to certify a Rule 23 class had not yet been filed. Finally, in light of the lack of time records, the dispute about the frequency with which Plaintiffs worked overtime seemingly turned on the parties' credibility, which could only be decided at trial. Therefore, this factor weighs in favor of approval of the settlement.

### C. The Seriousness of the Litigation Risks Faced by the Parties

As discussed above, in the absence of time records, Plaintiffs' chief risk to their overtime claims was establishing the frequency with which they worked overtime. If they were unable to establish that they worked overtime twice a month, they risked losing about half of their claim. Under the proposed settlement, Plaintiffs would be recovering more than 100% of their alleged

---

[1] These numbers do not include Plaintiffs' claims under NYLL §195. While such claims would total $60,000 and it appears that Defendants did not provide the required notices and statements under NYLL §195, a number of courts in this District, including this one, have held that employees do not have standing to bring such claims in federal court. *See Pinzon v. 467 Star Deli Inc.*, No. 22-CIV-6864 (JGK) (SLC), 2023 WL 5337617, at *11 (S.D.N.Y. July 31, 2023), *report and recommendation adopted*, No. 22-CV-6864 (JGK), 2023 WL 5334757 (S.D.N.Y. Aug. 18, 2023). Therefore, Plaintiffs' claims under NYLL §195 do not affect their range of recovery before this Court.

actual wages owed and liquidated damages on their overtime claims. Even after subtracting attorney's fees and costs, Plaintiffs would be receiving 137% of their actual overtime wages owed or approximately 69% of the combined amount of their actual wages owed and liquidated damages. Therefore, as Plaintiffs' proposed recovery is in excess of what they would recover if a jury had credited Defendants' position on the frequency of overtime worked, the recovery reflects a fair and reasonable resolution in light of the risks of litigation. *See Huggins v. Chestnut Holdings Inc.*, No. 18 CIV. 1037 (PAC), 2022 WL 44748, at *2 (S.D.N.Y. Jan. 5, 2022) (Plaintiffs' lack of records of most of their alleged hours worked weighed in favor of settlement under which Plaintiffs were recovering 60% of their alleged unpaid wages).

### D. The Settlement Agreement is the Product of Arm's Length Bargaining Between Experienced Counsel

The proposed Settlement Agreement is the product of arm's length negotiations between experienced counsel following on the heels of a mediation conducted through Roger Briton, an experienced third-party mediator selected from this District's mediation panel. Counsel here have represented clients in various wage and hour matters including in this District. *See, e.g., Recio v. D'Almonte Enterprises Parking Garage, Inc.*, 680 F. Supp. 3d 448 (S.D.N.Y. 2023); *Hilaire v. Underwest Westside Operating Corp.*, No. 19 CIV. 3169 (PAE) (RWL), 2020 WL 774133 (S.D.N.Y. Feb. 17, 2020); *Sanchez v. DPC New York Inc.*, 381 F. Supp. 3d 245 (S.D.N.Y. 2019). Counsel's experience and the arm's length nature of the negotiations suffice to satisfy this factor. *See Huggins*, 2022 WL 44748, at *2 (S.D.N.Y. Jan. 5, 2022). "Further, because Plaintiff[s] [are] no longer employed by Defendants, the risk of coercion—a concern in other cases—is minimal to non-existent." *Strauss v. Little Fish Corp.*, No. 19-CV-10158 (LJL), 2020 WL 4041511, at *4 (S.D.N.Y. July 17, 2020).

### E. No Fraud or Collusion Exists

There was no fraud or collusion between Plaintiffs' counsel and defense counsel in reaching this agreement.

### F. The Totality of the Circumstances

The Settlement Agreement itself is narrowly tailored to this wage and hour dispute. It contains no broad releases, confidentiality provisions or non-disclosure provisions. The terms of the Settlement Agreement make clear that Plaintiffs are releasing Defendants only from any FLSA and NYLL claims that they may have as of the date the parties reached an agreement. Such terms further support approval of the settlement. *See Huggins*, 2022 WL 44748, at *4 (S.D.N.Y. Jan. 5, 2022); *Zamora v. One Fifty Fifty Seven Corp.*, No. 14 CIV. 8043 (AT), 2016 WL 1366653, at *2 (S.D.N.Y. Apr. 1, 2016); *Camacho v. Ess-A-Bagel, Inc.*, 14-CV-2592, 2014 WL 6985633 at *4 (S.D.N.Y. Dec. 11, 2014).

### IV. Plaintiffs' Attorneys Fees and Costs are Reasonable

"If attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d

Cir. 2020). Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. *See id.* (citing 29 U.S.C. § 216(b) and NYLL § 663(1)). Courts in this District generally find attorney's fees of 33% of the overall settlement, mirroring a one-third contingency arrangement, to be reasonable. *See Huggins*, 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022); *Strauss v. Little Fish Corp.*, No. 19-CV-10158 (LJL), 2020 WL 4041511, at *9 n.1 (S.D.N.Y. July 17, 2020) (collecting cases). However, the Second Circuit has held that limiting the amount of recoverable attorneys' fees to a certain proportion of the settlement runs counter to the text and purpose of the FLSA and fee-shifting statutes in general. *Fisher*, 948 F.3d at 605.

Pursuant to the proposed Settlement Agreement, Plaintiffs' counsel will receive $37,500 in attorneys' fees and costs. The aggregate recovery by Plaintiffs even after subtraction of such fees and costs ($75,000) significantly exceeds the aggregate actual unpaid wages owed to them ($54,696.67). The proposed fee award should be approved because it is agreed to by Plaintiffs, is much less than Plaintiffs' counsel's lodestar on this case, and amounts to one-third of the recovery, which is in line with the standard fees awarded in this Circuit for such cases. *See Huggins*, 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022) (finding one-third fee award reasonable where it "would compensate Plaintiffs' attorneys for just over half the value of the actual work they performed in the case"); *Chambers v. Cone Heads Ltd.*, No. 18-CV-7823 (OTW), 2020 WL 3447964, at *2 (S.D.N.Y. June 23, 2020) (finding fees reasonable where "[t]he fees award is less than Plaintiff's counsel's stated lodestar, which is supported by billing records attached to the proposed settlement"); *Deran v. Antalia Turkish Cuisine LLC*, No. 19-CV-6833 (BCM), 2020 WL 3414890, at *2 (S.D.N.Y. June 22, 2020) (approving fee award only slightly higher than counsel's lodestar where settlement netted plaintiff most but not all of his alleged actual damages, after payment of the award to counsel); *Cardenas v. A.J. Piedimonte Agric. Dev.*, LLC, No. 1:18-CV-00881 EAW, 2020 WL 3469681, at *6 (W.D.N.Y. June 25, 2020) (finding fees reasonable where "Plaintiffs' attorneys seek only a fraction" of their lodestar amount).

As set forth in the time sheets attached hereto as **Exhibit B**, the actual amount of fees incurred to date amount to $69,497.50 based on 228.55 attorney hours. The costs incurred by Plaintiffs' counsel in this matter are $3,046 ($402 for the filing fee and $2,644 for depositions [*see* **Exhibit C**]). The fees and costs awarded to Plaintiffs' counsel under the proposed settlement are approximately 52% of the actual time and costs incurred.

The law firm of Arenson, Dittmar & Karban represented the Plaintiffs in this litigation from inception to settlement. As part of the representation of Plaintiffs, Mr. Arenson and his staff, *inter alia*, evaluated the case; conducted multiple rounds of in-person interviews with the Plaintiffs, prepared and filed the Complaint; engaged in document discovery; created spreadsheets for each of the six plaintiffs calculating his damages week-by-week; reviewed relevant records, including time and pay records to the extent available for each plaintiff; prepared for mediation by drafting a mediation statement on the legal and factual issues; attended mediation; drafted and filed motions for "conditional certification" of the FLSA collective and to compel discovery; took the corporate representative's deposition; engaged in the post-mediation negotiations to reach a resolution; negotiated, drafted and revised the terms of the Settlement Agreement; and drafted this application.

For the purposes of calculating the lodestar, Plaintiffs' counsel uses a rate of $750 per hour for partner Steven Arenson, who expended approximately 10.5 hours on the case; $450 for partner Avi Mermelstein, who spent 30 hours on the case; $350 for associate Elyse Patterson, who spent 4.3 hours on the case; and $250 per hour for Anna Goldstein, an associate, who spent approximately 179 hours on the case. Arenson is a 1986 graduate of Columbia Law School who has focused his practice almost exclusively on employment law litigation for the past twenty-seven years. Mermelstein is a 2012 graduate of Georgetown Law School who has also focused his practice on employment law. Patterson and Goldstein both graduated from Cardozo Law School, in 2014 and 2020, respectively. Patterson left our firm to join Jackson Lewis, a leading nationwide employment defense firm. In January 2022, in granting final approval to a wage and hour class action involving a single location car wash, a court in the District of New Jersey found the hourly rates of Arenson and Mermelstein, at $700 and $400 respectively, to be reasonable when Mermelstein was still an associate. Transcript of Decision dated January 13, 2022, 11:13–19 (ECF No. 71), *Mirabal v. Caribbean Car Wash, Inc.*, No. 19-cv-16608 (D.N.J.).

### V. Retention of Jurisdiction Post-dismissal

As the Settlement Agreement provides for payments to be made to Plaintiffs over an extended period of time following Court approval, in order to protect Plaintiffs from possible default by Defendants, the parties request that, pursuant to Paragraph 10 of the Settlement Agreement, this Court retain jurisdiction over this Action post-dismissal, for the limited purpose of enforcing compliance with the Settlement Agreement. *See Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19-CV-7476 (AEK), 2023 WL 3993933, at *4 (S.D.N.Y. June 14, 2023) (agreeing to retain jurisdiction over enforcement of the settlement pursuant to settlement agreement language); *Villalva-Zeferino v. Park Pizza, et al.*, 15-CV-6932 (S.D.N.Y. Feb. 17, 2016).

### VI. Conclusion

Accordingly, for the reasons set forth above, the parties jointly and respectfully request that the Court approve the parties' Settlement Agreement, dismiss the case with prejudice, and retain jurisdiction to enforce the terms of the Settlement Agreement.

We thank the Court for its time and consideration.

Very truly yours,

S/Avi Mermelstein

cc: Daniel Rabinowitz, Esq. (via ECF)